**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30234 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00021-SEH |
| v. | |
| ANDREW DAVID RICE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Andrew David Rice appeals from the district court's judgment and

challenges the 108-month sentence imposed upon resentencing, following his jury-

trial conviction for viewing child pornography, in violation of 8 U.S.C.

§ 2252A(a)(5).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rice contends that the district court violated this court's mandate when resentencing him by denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, refusing to reduce his sentence due to his post-traumatic stress disorder ("PTSD"), and directing that the child pornography videos be made part of the record on appeal. We disagree. This court's disposition did not direct the district court to make specific sentencing findings nor did it restrict what evidence the district court could consider during resentencing.

The district court did not clearly err in declining to grant an adjustment for acceptance of responsibility because Rice consistently denied the factual element of his offense that he acted knowingly. *See United States v. Johal*, 428 F.3d 823, 830 (9th Cir. 2005) ("[T]he reduction is inappropriate where the defendant does not admit that he or she had the intent to commit the crime."). Nor do we find that the district court erred by refusing to reduce Rice's sentence in light of his PTSD. The record indicates that the district court did not procedurally err and that Rice's within-Guidelines sentence is substantively reasonable. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007).

Because our resolution of this appeal did not require review of the videos, we need not address Rice's contention that the district court erred by directing that they be made a part of the appellate record. The government's motion for transfer of physical exhibits is denied as moot.

**AFFIRMED.**

12-30234